UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x **Civil Case No.: 07cv6459 (CLB)**
"ECF CASE"

In re Chapter 11

**Kollel Mateh Efraim, LLC** Case No. **04-16410-SMB**

Debtor.

------------------------------------------------------------x
**KOLLEL MATEH EFRAIM, LLC, a/k/a MATEH EPHRAIM LLC**

Plaintiff, **Adv. Pro. No. 04-04545-SMB**

**-against-**

**HELEN-MAY HOLDINGS, LLC, and IRENE GRIFFIN**

Defendants.
------------------------------------------------------------x

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE SOUTHERN DISTRICT OF NEW YORK:

Helen May Holdings, LLC, the fee owner and creditor/licensor herein ("Helen-May") and Irene Griffin ("Griffin") by their attorneys, the Law Offices of David Carlebach, Esq., respectfully represent:

1. On or around October 4, 2004, Kollel Mateh Efraim, LLC (the "Debtor") filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101

et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

2. Helen-May removes the below-captioned action (the "State Court Action")to the United States District Court for the Southern District of New York:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SULLIVAN** x

| | | |
|---|---|---|
| **ARON FIXLER; MATEH EPHRAIM, LLC d/b/a KOLEL MATEH EFRAIM, LLC** | : | **INDEX NO. 1952/07** |
| Plaintiffs, | : | |
| -against- | : | |
| **HELEN-MAY HOLDINGS, LLC and IRENE GRIFFIN** | : | |
| Defendants. | : | |

x

3. The statutory predicate for the relief sought herein is §§ 28 U.S.C. 1334(b) & 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a)(3).

4. A copy of the Summons and Complaint in the State Court Action is annexed hereto as Exhibit A. A copy of the Order to Show Cause dated June 26, 2007 in the State Court Action is annexed hereto as Exhibit B.

5. Helen-May and Griffin are entitled to removal based on the following facts:

6. The underlying issues in the Complaint in the State Court Action are duplicative of matters already raised and pending presently before the Bankruptcy Court in the Southern District of New York in the Adversary Proceeding styled Kollel Mateh Efraim, LLC a/k/a Mateh Ephraim, LLC v. Helen-May Holdings, LLC and Irene Griffin, bearing the Adversary Proceeding Number 04-04545 (the “Adversary Proceeding”). (A copy of the Complaint in the Adversary Proceeding made a part hereof and annexed hereto as Exhibit C.)

7. Specifically, both the State Court Action and the Adversary Proceeding arise out of the Contract of Sale for real property dated April 29, 2004 between Helen-May, as seller and Aron Fixler, as purchaser (the “Contract”). The Contract was then subsequently assigned to Debtor. The Contract was for the premises located at 1141 County Road#114, Fosterdale, New York (the “Premises”). Prior to closing the Contract, Debtor began occupying the Premises pursuant to an occupancy agreement (the “Occupancy Agreement”). Subsequently thereto, and also before closing, Debtor and Helen-May executed a conditional extension agreement (the “Conditional Extension Agreement”).

8. The Complaints in both the Complaint in the State Court Action, as the Complaint in the Adversary Proceeding are one and the same. They both allege, and seek to recover, on alleged misrepresentation made by Helen-May and Griffin in the Contract regarding the acreage of the Premises. In addition, both Complaints seek to recover for alleged improvements made to the Premises by Debtor.

9. In addition, Helen-May and Griffin imposed numerous counterclaims in the Adversary Proceeding stemming from Debtor's own breach of the "Occupancy Agreement," the "Conditional Extension Agreement" and violations of the Bankruptcy Code's automatic stay.

10. Moreover, as will be set forth below, the Bankruptcy Court has already indicated in open court that it did not believe that the relief sought by Debtor in the Adversary Proceeding, mirrored in the State Court Action[1], had any merit whatsoever. Debtor is merely seeking to do an end-run around the jurisdiction of the Bankruptcy Court by way of collateral attack in state Supreme Court.

11. In point of fact, Helen-May and Griffin have already filed a motion for Summary Judgment in the Adversary Proceeding on June 3, 2005 (the "Summary Judgment Motion"). (A copy of the Summary Judgment Motion, dated June 1, 2005, is annexed hereto as Exhibit D. A copy of the Reply Memorandum of Law is annexed hereto as Exhibit E.) In the Summary Judgment Motion, Helen-May and Griffin contend that there was no merit to Debtor's allegations that it was defrauded in any way regarding acreage and that, in any event, Debtor's fraud claim fails as matter of law, since, as an assignee, Debtor lacks standing to assert such claim.

---

[1]Indeed, Abraham Backenroth, Esq., Debtor's Counsel in the Adversary Proceeding notarized Jack Lefkowitz's Affidavit in Support of the Order to Show Cause in the State Court Action, thus indicating that Plaintiffs in the State Court Action merely cloned, for the most part, their allegations from those in the Adversary Proceeding. Indeed, one can easily see the probability that the Complaint in the State Court Action was created with a few mere strokes on the word processor by a side by side comparison with the Complaint in the Adversary Proceeding. See, Exhibits A and C.

12. Due to collateral litigation in the Adversary Proceeding, the Summary Judgment Motion has been held in abeyance. However, at a May 22, 2007 Hearing, the Bankruptcy Court directed Helen-May and Griffin to renew their Summary Judgment Motion, in order to remedy certain procedural issues. Transcript of May 22, 2007 Hearing, at 12-13. (A copy of the May 22, 2007 Hearing Transcript is made a part hereof and annexed hereto as Exhibit F.) Helen-May and Griffin will shortly be renewing the Summary Judgment Motion as directed by the Bankruptcy Court.

13. Notably, in connection with the Summary Judgment Motion, the Bankruptcy Court had already indicated at a July 20, 2005, Hearing, that the contentions regarding fraud in the Complaint in the Adversary Proceeding (which are essentially mirrored in the Complaint in the State Court Action) are meritless due to the fact that the assignee of a contract does not have standing to assert the tort claims of the original contract vendee unless specifically provided for in the assignment. Transcript of July 20, 2005 Hearing, at 63. The Bankruptcy Court further stated that the "tax map designation" issue, the gravamen of Debtor's contention in support of its fraud claim, was "equally questionable". Id. (A copy of the July 20, 2005 Hearing Transcript is made a part hereof and annexed hereto as Exhibit G.)

14. In short, the matter should properly be before the Bankruptcy Court which is fully familiar with the issues, has exclusive jurisdiction over these issues and, indeed, is prepared to decide the issues once Helen-May and Griffin renew their Summary Judgment Motion.

15. Helen-May and Griffin were served with the Summons in the State Court Action on or about June 27, 2007. Thus, pursuant to 9027(a)(3) the removal has been timely filed.

16. This matter should be referred to the Bankruptcy Court which has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 by District Court Judge Robert T. Ward. This is a core proceeding pursuant 28 U.S.C. §§ 157(2)(A)(B)(C)&(O).

Dated: New York, New York
July 16, 2007

**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
Attorneys for the Helen-May

By: S/David Carlebach
David Carlebach (DC-7350)
40 Exchange Place
New York, New York 10005
(212) 785-3041

To:

Clerk of the Supreme Court
Sullivan County
414 Broadway
Monticello, New York 12701

Burt Blustein, Esq.
Blustein, Shapiro & Rich, LLP
*State Court Counsel for Debtor*
*Attorneys for Plaintiffs*
90 Crystal Run Road, Suite 409
Middletown, New York 10941