**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In reply to:

| | |
|---|---|
| **KOLLEL MATEH EFRAIM, LLC,** | Chapter 11 |
| Debtor. | Case No. 04-16410(SMB) |

-------------------------------------------------------X
**KOLLEL MATEH EFRAIM, LLC, a/k/a**
**MATEH EPHRAIM LLC,**

        Plaintiff,        Adv. Pro. No. 04545 (SMB)

   -against-

**HELEN-MAY HOLDINGS, LLC, and**
**IRENE GRIFFIN,**

        Defendants.
-------------------------------------------------------X

### DEFENDANTS' REPLY TO PLAINTIFF'S
### OBJECTIONS TO SUMMARY JUDGMENT

**A.**    **Introductory Statement**

Defendant moves for summary judgment of dismissal of the adversary proceeding complaint.

Plaintiffs' objections to defendants' motion for summary judgment are predicated upon distortion of the facts[1] and flawed legal arguments.

**B.**    **Debtor was a mere assignee of the subject contract. Alleged misrepresentations were not made to the Debtor. By definition, Debtor has no standing to claim actionable fraud in inducement of the Contract.**

---

[1] Upon a motion for summary judgment, all of the non-party's proofs are assumed to be true. *Cable Science v. Rockdale Village, 920 2d 147, 151 (2nd Cir 1990).* "Proofs" do not include unsupported "bald assertions." *Ferrelli v. River Manor Health Care Center, 323 F3d 196 (2nd Cir 2003).*

The subject Contract (Def Ex A) was between one Aaron Fixler and Helen-May. Weeks after the contract was executed, Fixler assigned the contract to the plaintiff-debtor without the knowledge of Helen-May.

The contract provides that it may be assigned to an entity in which Fixler is the sole member (Contract, supra, rider ¶ 36).

The Debtor's sole member is Jack Lefkowitz. Lefkowitz cannot be heard to claim to have been the recipient of fraudulent representations -- which there were none, in any event -- as the Contract was originally between Helen-May and Fixler.

### C. Defendants' Distorted Version of the Facts

1. <u>The tax map designation.</u> The subject Contract (Def Exh A) indeed identifies the property to be sold as the legal metes and bounds description "and to include tax map designation." The tax map *designation* is "Section: 1 Block: 1 Lot: 39.1, and is stated on the first page of the contract. The tax map designation is to assure that the legal metes and bounds description refers to such designation, and not to another tax lot. Defendants' "stretch", in paragraph 4 of its objections, that the tax map designation means "the tax map", is impermissible.

The County Clerk will not accept for filing a deed or mortgage which identifies the subject property solely by tax map designation; it is the metes and bounds description which governs.

Regardless of whether the Contract description includes the tax map itself, which it doesn't, the legal metes and bounds description of the subject premises shows the acreage to be sold as 60 acres, and

> (a) the contract rider ¶ 46 *specifically* disclaims any "representation as the actual land area or

      acreage of premises conveyed"; and

  (b)  the contract rider ¶ 43 provides that "the provisions of the rider shall be paramount and shall supercede the printed portion"; and

  (c)  all of defendants' arguments in Point II, III and IV of its moving memorandum of law nevertheless apply and remain unaffected by whether the tax map itself, as distinguished from the "tax map designation" is considered part of the contract.

  Construing the Contract is a matter of law for the court. *Bank of New York v. Amoco Oil Co., 35 F3d 643 (2nd Cir 1994);* and see, *In re Keen Corp., 188 BR 881 (SDNY 1995).*

  2.  <u>The prior real property transfer report.</u>  When defendant Helen-May originally acquired the subject property, as the result of a mortgage foreclosure sale, the foreclosure referee John Ferrara, Esq. prepared the required RP-5217 (real property transfer report).  Plaintiff debtor attached a copy thereof to its objection to this summary judgment motion.  That document, generated long before Helen-May ever hard of Fixler or Lefkowitz can hardly be considered a fraudulent misrepresentation.

  And even if somehow that document constitutes a misrepresentation to the plaintiff, all of defendant's arguments in Points II, III and IV of its moving memorandum nevertheless apply.  Any "misrepresentations" as to the number of acres have been specifically disclaimed in the Contract.  (Exh A, rider ¶ 46).

>             D.      **The Debtor has made deliberate false
>                     factual statements to the Court in an
>                     attempt to avert a summary judgment.**

<u>The farm land misrepresentation.</u>  In the Debtor's objections to adversary proceeding plaintiff Helen-May's accompanying motion for summary judgment, Mr. Lefkowitz swears on June 23, 2005, as follows:

> "59.  [I]t is not disputed that the property consists of farm land."

This allegation has no factual predicate in the record or in the real world.  It simply is not true.  It is an outright falsehood. Throughout the papers concerning Helen-May's motion to convert or to dismiss, and throughout Helen-May's motion for summary judgment in the adversary proceeding case, the Debtor states that the property consists of a resort hotel intended to be to be used by it for a rabbinical retreat.  Indeed, last summer it operated the 87 room resort hotel.  *There is not a word in the record about "farm land."*  Indeed, the Contract (Exh A, adv. proc.) heading states

> "Contract of Sale - Office, *Commercial* (emph supp) and multi-family Residential Premises."

And, in paragraph 8 of its recently filed disclosure statement, the Debtor acknowledges that its original intent in entering into the subject Contract was

> "its original plan to operate the Property as a retreat for rabbinical students.  Accordingly, in order to ensure that the Debtor can provide the Property as promised for that purpose, the Debtor has decided further to close on the Contract, notwithstanding the ongoing litigation."

The unsupported and false "bald assertion" (see *Farrelli v. River Manor, 323 F3d 196 (2d Cir 2003))* by the Debtor that the subject property consists of farm land, is to avoid the consequence that the subject Contract provides for purchase of a resort hotel, in

bulk, and not by acreage. The legal consequence of this is that there is no actionable claim predicated upon misrepresentation of acres in a bulk premises contract, as distinguished from a farm land purchase contract. See Helen-May adversary proceeding memorandum of law, p. 10; *Miesner v. Slaughter, 1 AD2d 1042, 152 NYS2d 663 (2nd Dept 1956); Hunt v. Wall, 211 App Div 856, 206 NYS 869 (2nd Dept 1924), aff'd 240 NY 696 (1925); Ireland v. Baylis, 188 App Div 981, 176 NYS 904 (2nd Dept 1919).*

<u>No closing without a survey</u>.   In the Debtor-plaintiff's objections to adversary proceeding plaintiff Helen-May's motion for summary judgment, Mr. Lefkowitz swears on June 23, 2005, as follows:

> "60.    [T]he parties agreed that there would be no closing without a survey… ."

This is just another outright falsehood, and is at least an unsupported bald assertion. *Farrelli v. River Manor, supra.*

The statement that "there would be no closing without a survey" is just not present in the record. It doesn't exist. It is wrong for the Debtor to make such representations to the Court.

### E.    Plaintiff-Debtor's flawed legal arguments

The plaintiff-debtor cites *Fisher v. Zimmer, 286 App Div 1129, 146 NY2d 170 (3rd Dept 1955), aff'd, 1 NY2d 721 (1956).* That case involved the sale of farm land. The Court found that acreage was a primary consideration because it was farm land, even though the sales price was not computed by so much an acre. And, of course, there was no specific disclaimer of any representation as to acreage, as in the case at bar.

Contract rider ¶ 46 is as specific a disclaimer with respect to a pre-contract representation as there can be. It states

> "Seller makes no representation as to the actual land area or acreage of the premises conveyed, and which is more particularly described in Schedule A."

Accordingly, this case falls squarely within the holdings of *Danann Realty Corp. v. Harris, 5 NY2d 317, 184 NYS2d 599 (1959),* as recognized, approved, and thoroughly analyzed by the Second Circuit in *Grumman Allied Industries v. Rohr, 748 F2d 729 (2nd Cir 1984)*

> "If the language here used is not sufficient to estop a party from claiming that he entered the contract because of fraudulent representations, then no language can accomplish that purpose. To hold otherwise would be to say that it is impossible for two businessmen dealing at arm's length to agree that the buyer is not buying in reliance on any representation of the seller as to a particular fact." *Danann Realty, supra at 323*.

The Plaintiff-Debtor's double talk in its objections to this aspect of Helen-May's summary judgment motion is just that -- double talk, and its "argument" cannot be responded to because such "argument" is gibberish and unintelligible.

### F.   Conclusion

The defendant Helen-May is entitled to a summary judgment of dismissal of the adversary proceeding complaint for any one or more of the five points set forth in its memorandum of law. The causes of action for damages for alleged violation of the automatic stay and constructive eviction, while only peripherally addressed in the summary judgment, should also be dismissed. The plaintiff has presented no factual

proofs in evidentiary form in support thereof.

Dated: Liberty, New York
      June 27, 2005

                                      Yours, etc.,

                                      ORSECK LAW OFFICES
                                      /s/  Gerald Orseck (GO 9913)
                                      By:  Gerald Orseck
                                      Attorneys for Helen-May Holdings, LLC
                                      PO Box 469
                                      Liberty, New York  12754
                                      (845)292-5800