SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------------------------X
ARON FIXLER; MATEH EPHRAIM, LLC a/k/a            Index No:
KOLEL MATEH EFRAIM, LLC,

                      Plaintiffs,

                                                             Assigned to:
            -against-                                  Hon:

HELEN-MAY HOLDINGS, LLC and
IRENE GRIFFIN,

                      Defendants.
-------------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE**

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF KINGS     )

      JACK LEFKOWITZ, being duly sworn, deposes and says:

      1.    That I am the Managing Member of Mateh Ephraim, LLC a/k/a Kolel Mateh Efraim, LLC, the Plaintiff in the above-entitled action and am fully familiar with the facts and circumstances hereinafter set forth. I submit this affidavit in support of my application for an order to show cause seeking a preliminary injunction pendente lite and permanent injunction as well as a temporary restraining order, a.) enjoining defendants Helen-May Holdings, LLC and Irene Griffin from all acts of interference while Plaintiff remains in rightful possession of the premises as contract vendee in order to keep the status quo while the issues as the real estate contract are determined; b.)for an order imposing a temporary restraining order and preliminary injunction forbidding defendants from commencing a summary proceeding in the Town Court of Cochecton, Sullivan County, to evict the Plaintiff Mateh Ephraim, LLC, as it is an improper course of action.

1

Unless a temporary restraining order and preliminary injunction are issued pending the determination of this action, the lives of not only myself, but hundreds of children and their families will be severely and adversely affected.

2. Without the immediate relief I seek to impose a preliminary injunction and temporary restraining order on the defendants, approximately Two Million Dollars that plaintiff Mateh Ephraim, LLC has spent to improve and enhance the property over the past three years will be lost, along with all of the families of over 100 children who have paid summer camp fees and made arrangements to spend the summer at our camp will have no place to go. On the other hand, the defendants have received a Bankruptcy Court Order for the use and occupancy of the property and are not in any way harmed by the continuation of plaintiff Mateh Ephraim, LLC's occupancy of the property pending the outcome of this litigation.

3. Furthermore, plaintiff Mateh Ephraim's injunction is even more urgent because the defendant Irene Griffin's husband came upon the property on the afternoon of Friday June 22, 2007 and announced to all that the premises must be vacated by Monday, June 25, 2007 and that a security fence would be installed to bar the Plaintiff and all of its guests and invitees from entering the premises. Accordingly, this creates a dangerous and volatile situation that must be defused.

4. As set forth in the summons and complaint, a copy of which is annexed hereto as Exhibit "A", plaintiff is seeking specific performance of the contract, in addition to reformation of the contract based on the discovery that the defendant's representation that the property to be conveyed contained 77 acres was false and in fact, the property only contained 60 acres of land.

5. On April 29, 2004, Plaintiff Aron Fixler and defendants entered into a contract of sale for the property located at 1141 County Road #114, Town of Cochecton, County of Sullivan, State of New York (Section 1; Block 1; Lot 39.1). A copy of the Contract of Sale annexed hereto as Exhibit "B".

6. On May 18, 2004 plaintiff Aron Fixler assigned all rights and obligations under the Contract of Sale to plaintiff Mateh Ephraim, LLC a/k/a Kolel Mateh Efraim, LLC. A copy of the assignment is annexed hereto as Exhibit "C".

7. Pursuant to numerous representations by defendants, both oral and written, the property at the time the contract was executed was to contain 77 acres of land.

8. On June 3, 2004, Plaintiff and defendant Helen-May Holdings, LLC entered into an Occupancy Agreement whereby plaintiff was granted the exclusive right to use, occupy, maintain and utilize the premises up and until the date of Closing. (A copy is annexed hereto as Exhibit "D").

9. Subsequent to entering into the occupancy agreement with defendant, and prior to the closing date, I had a meeting with defendant Griffin whereby I observed in her possession a survey of the property. When I asked defendant Griffin to see the survey, she confirmed that it indeed was the survey to the property but that I had to procure my own survey of the property and refused to let me view the survey.

10. Prior to the scheduled closing date, I received a survey of the property only to find out that the property consisted of 60 acres of land, not the 77 acres of land that I was lead to believe.

11. Immediately upon discovering the reduction of acreage of the property, contract negotiations began regarding a reduction in purchase price, however, defendant

refused to reduce the purchase price and placed a "Time was of the Essence" upon the contract. (A copy a letter is annexed hereto as Exhibit "E").

12. On November 15, 2007 Plaintiff Mateh Ephraim, LLC a/k/a Kolel Mateh Efraim, LLC filed Chapter 11 Bankruptcy petition in the United States Bankruptcy Court, for the Southern District of New York, which created an automatic stay on all proceedings and most significantly the defendants attempts to terminate the contract by virtue of its time of the essence letter.

13. On June 5, 2007, after much litigation and adversary proceedings, by Order the Court by the Honorable Stuart M. Bernstein, U.S. Bankruptcy Judge, the automatic stay was lifted and vacated with respect to this contract and the rights thereunder. The reason the Court gave in its colloquy for lifting the automatic stay vacating the parties rights and obligations with respect to the contract for sale for the real property, was best left to the State County for determinations of local issues. (A copy of the Order is annexed hereto as Exhibit "F").

14. On June 19, 2007, Plaintiff Mateh Ephraim, LLC a/k/a Kolel Mateh Efraim, LLC was served with a Ten Day Notice to Quit and Vacate. (A copy of the Notice is annexed hereto as Exhibit "G").

15. On June 22, 2007, defendant Griffin's husband appeared on the property informing plaintiff that plaintiff had to vacate the premises by Monday, June 25, 2007 or that defendant was going to be erecting a security fence to keep plaintiff off the premises. That timing was deliberate and intended to be inflammatory because the defendant knew that on Wednesday, June 27, 2007, more than 100 children and at least 30 adult staff were due to arrive for the summer camp session.

16. By operation of law, once the contracts were executed by both plaintiff and defendant, plaintiff became a vendee with an equitable lien in the property and defendants became vendor, holding legal title in trust for the plaintiff/vendee. Accordingly, defendants may not summarily dispose of the vendees equitable ownership and remove the plaintiffs as vendees in possession without bringing in an action to foreclose the vendee's equity of redemption.

17. Additionally, since June of 2004, when we executed the occupancy agreement, we have spent considerable amounts of money, the contract down payment of $140,000.00 and approximately Two Million Dollars in improvements and enhancements to the property. Furthermore, each summer we have utilized the property as a non-for profit educational summer camp for boys from the New York City area during the summer months. We are currently expecting approximately over One Hundred (100) children and Thirty (30) adult staff members to be joining us, starting on Wednesday June 27, 2007 for the 2007 summer season. All of these children and their families have paid for the camp and have made according arrangements.

18. Obviously, the defendants will not be harmed by our continued possession of the premises, until the court has had the opportunity to hear and determine the facts and the equities between the parties. Defendants are merely trying to squeeze more money out of this contract. On the other hand, plaintiff will suffer irreparable harm unless defendant is enjoined from their threatened action. The equities are clearly in our favor.