SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
---------------------------------------------------------------X
ARON FIXLER; MATEH EPHRAIM, LLC d/b/a
KOLEL MATEH EFRAIM, LLC,

                                   Plaintiffs,

          -against-

HELEN-MAY HOLDINGS, LLC and
IRENE GRIFFIN,

                                 Defendants.
---------------------------------------------------------------X

Index No: 1952/07
Date Purchased: 6/26/07

**SUMMONS**

Plaintiff designates
Sullivan County as the
Place for Trial

The basis of venue is
situs of the Property

TO THE ABOVE-NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of the summons, exclusive of the day of service, where service is made by delivery upon you personally within the State or within thirty (30) days after completion of service, where service is made in any other manner, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 19, 2007
         Middletown, New York

Yours etc.,
BLUSTEIN, SHAPIRO & RICH, LLP

By: Carol C. Pierce
*Attorneys for Plaintiffs*
90 Crystal Run Road, Suite 409
Middletown, New York 10941
(845) 692-0011

To:   Helen-May Holding, LLC
       27 Maple Avenue
       Jeffersonville, New York 12748

       Irene Griffin
       27 Maple Avenue
       Jeffersonville, New York 12748

F:data/2007/07-0692/pld/summons.doc

RECEIVED, Sullivan County Clerk
Jun 26, 2007 11:16A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
--------------------------------------------------------------------X
ARON FIXLER; MATEH EPHRAIM, LLC a/k/a
KOLEL MATEH EFRAIM, LLC,

                        Plaintiffs,

          -against-

HELEN-MAY HOLDINGS, LLC and
IRENE GRIFFIN,

                        Defendants.
--------------------------------------------------------------------X

Index No: 1952/07

**VERIFIED COMPLAINT**

Plaintiffs, ARON FIXLER and MATEH EPHRAIM, LLC a/k/a KOLEL MATEH EFRAIM, LLC, by its attorneys, BLUSTEIN, SHAPIRO & RICH, LLP, for its Verified Complaint against defendants hereby alleges as follows:

1. Plaintiff, MATEH EPHRAIM, LLC a/k/a KOLEL MATEH EFRAIM, LLC, (Mateh) is a Domestic Limited Liability Company, existing under the laws of the State of New York with its principal place of business as 751 Second Avenue, New York, New York, 10017. (Plaintiff has from time to time added the word Kolel meaning "school" in Hebrew to the name for the purpose of identifying the mission of the company).

2. Plaintiff, Aron Fixler is a resident of the State of New York, with an address of 6608 Bedford Avenue, Brooklyn, New York 11211.

3. Defendant, HELEN-MAY HOLDINGS, LLC is a Domestic Limited Liability Company, existing under the laws of the State of New York, with its principal place of business located at 27 Maple Avenue, Jeffersonville, New York 12748.

4. Upon information and belief, defendant IRENE GRIFFIN is a Managing Member of HELEN-MAY HOLDINGS, LLC.

5. That on or about April 29, 2004, defendant Irene Griffin, on behalf of Helen-Mays Holdings, LLC, did execute a Contract of Sale with plaintiff Aron Fixler for the property located at 1141 County Road 114, Fosterdale, New York 12726 (Section 1; Block 1; Lot 39.1) for the sum of $1,400,000.00. The sum of $140,000.00 was deposited in escrow with the defendant's attorney as and for the down payment.

6. On May 18, 2004, an Assignment of the Contract of Sale was executed from Aron Fixler to Plaintiff Mateh Ephraim, LLC a/k/a Kolel Mateh Efraim, LLC.

7. Pursuant to the terms of the Contract, Section 1.01; Defendant was to convey "the parcel of land more particularly described in Schedule A attached hereto".

8. Schedule A, expressly referred to on the Signature Page of the Contract states as follows:

> Schedule A
> DESCRIPTION OF PREMISES
> (to be attached separately and to include tax map designation)

thereby expressly incorporating by reference the tax map as part of the description of the property to be conveyed.

9. The Tax Map, as referenced above, recites the property as having 77 acres of land.

10. In addition to the express representations of the Contract of Sale reciting 77 acres of land, defendants Helen-May Holdings, LLC and Irene Griffin made numerous representations to Plaintiff that the property contained 77 acres of land.

11. Defendants Helen-May Holdings, LLC and Irene Griffin distributed an Environmental Report, Tax Bills, and numerous marketing materials all stating that the property contained 77 acres of land.

12. Furthermore, defendants Helen-May Holdings, LLC and Irene Griffin made similar oral representations regarding the quantity of acreage on the property.

13. Consequently, defendants Helen-May Holdings, LLC and Irene Griffin expressly represented to Plaintiffs that the property consisted of 77 acres of land.

14. Plaintiffs reasonably relied upon defendants Helen-May Holdings, LLC and Irene Griffins express written and oral contractual representations that the property consisted of 77 acres of land.

15. On or about June 3, 2004, Plaintiff Mateh entered into an Occupancy Agreement with Defendants, whereby said Plaintiff was granted the exclusive right to occupy, operate, maintain and utilize the premises up through the date of Closing.

16. On or about June, 2004 to the present, Plaintiff Mateh has been utilizing the property as a non-for-profit educational summer camp for boys during the summer months, and during other times of the year, utilizes the premises for other functions and remains in possession and control of the subject premises as contract vendee.

17. In reliance of defendant's representations, written and oral, Plaintiff Mateh has made substantial improvements to the property and has invested significant sums of money including but not limited to replacing roofs, updating the septic system, installing new kitchen facilities, upgraded the pool and has installed air conditioning units in every room; incurring costs of approximately Two Million Dollars in renovations and improvements to the property.