18. Furthermore, in reliance of defendant's representations and in furtherance of its objectives to create a school and camp, Plaintiff Mateh purchased two adjacent properties to the aforementioned property in order to develop and enhance the value of the property.

19. On or about September 22, 2004, Defendant Helen-Mays Holdings, LLC by mutual agreement with the plaintiff Mateh, did extend the Closing Date on the Contract to November 29, 2004.

20. On or about September 27, 2004, Plaintiff Mateh received a survey of the property which revealed that the actual acreage was 60 not 77 as represented by defendants.

21. Upon information and belief, Defendants Helen-May Holdings, LLC and Irene Griffin knew that their representations regarding the quantity of acreage of the property was false and fraudulent, since their own survey indicated 60 acres and not 77 acres; that the representation was made to induce the plaintiffs to purchase the property for a price in excess of its value; the Plaintiffs relied on the false representation to their detriment and will be damaged thereby.

22. Prior to receiving their own survey, and subsequent to the execution of the contract, Plaintiff, Mateh Ephraim, LLC in a meeting with defendant Griffin saw that she had a survey in her possession and requested to see the survey. Defendant Griffin confirmed that it was the survey but that on advise of counsel, defendant Griffin refused to show Plaintiff the survey and informed Plaintiff that Plaintiff had to obtain its own survey and by her actions, did continue to perpetrate the fraud.

23. Upon information and belief, defendant's survey would have revealed that the property only contained 60 acres of land and not 77 acres of land.

24. Had Plaintiff known of defendant's false representations regarding the quantity of acreage, plaintiff would not have entered into the Contract for the agreed upon price, nor expended an additional Two Million Dollars in renovations and improvements to the property.

25. On or about November 15, 2004, Plaintiff filed a Chapter 11 Bankruptcy petition to preserve its rights under the Contract and to the property.

26. On or about June 5, 2007, Judge Stuart Bernstein, Justice United States Bankruptcy Court, Southern District of New York by Order lifted and vacated the automatic stay with respect to this Contract and its property.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS FOR SPECIFIC PERFORMANCE

27. Plaintiffs repeat and reallege as if set forth herein at length each and every allegation contained in paragraphs "1" through "26" of the Complaint.

28. Upon information and belief, Irene Griffin was a managing member of Helen-Mays Holdings, LLC with respect to the real property that is identified and described to above.

29. Defendant Irene Griffin executed the aforementioned Contract of Sale, attached Riders to Contract of Sale and Occupancy Agreement, on behalf of defendant Helen-May Holdings, LLC.

30. Defendants Helen-May Holdings, LLC and Irene Griffin did not proceed in good faith to complete the transaction within the parameters of the original proposed transaction.

31. Plaintiff Mateh Ephraim, LLC has and continues to be ready, willing and able to complete the transaction within the parameters of the original proposed transaction.

32. The rights and obligations of plaintiff and defendants are set forth in the Contract of Sale and Occupancy Agreement.

33. As a result of the foregoing, plaintiff Mateh Ephraim, LLC is entitled to a judgment for specific performance requiring defendants to perform the agreements made with plaintiff, and thereby convey to plaintiff marketable title to the real estate property aforementioned in exchange for payment to defendants of the remaining balance due on the purchase price pursuant to the contract minus any adjustments of price due to the reduction in the quantity of acreage.

34. Plaintiff has no adequate remedy at law and demands specific performance of the agreement between plaintiff and defendants Helen-May Holdings, LLC and Irene Griffin.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR REFORMATION OF CONTRACT BASED ON MUTUAL MISTAKE

35. Plaintiffs repeat and reallege as if set forth at length herein each and every allegation contained in paragraphs "1" through "34".

36. Plaintiff Aron Fixler and defendant entered into a written Contract of Sale for the aforementioned property, expressly referring to 77 acres of land, which was assigned by plaintiff Fixler to the plaintiff Mateh Ephraim, LLC.

37. Defendants made numerous express written and oral representations that the property consisted of 77 acres of land.

38. Upon information and belief, the defendants may have had a then present belief that the property contained 77 acres of land.

39. Plaintiffs entered in said Contract of Sale, relying upon defendants' express written and oral representations that the property consisted of 77 acres of land.

40. By mutual mistake, the plaintiffs believed and the defendants may have believed that the property contained 77 acres of land.

41. As such, the Contract of Sale should be reformed to reflect the reduction of acreage from 77 to 60 and there should be a corresponding reduction of the purchase price to reflect the loss of acreage.

42. That as a result of mutual mistake, the purchase price should be reduced to $1,090,909.10.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR REFORMATION OF CONTRACT BASED UPON FRAUD

43. Plaintiffs repeat and reallege as if set forth at length herein each and every allegation contained in paragraphs "1" through "42" of the Complaint.

44. The defendant, Helen-May Holdings, LLC was and still is owner in fee simple of certain lands and premises situate, lying and being 1141 County Road #114, in the Town of Cochecton, Sullivan County, State of New York.