45. During the negotiations and executions of the Contract of Sale, defendants conveyed on numerous occasions, expressly written and oral to plaintiff, that the property consisted of 77 acres of land.

46. The defendants, when making these representations knew them to be false.

47. The defendants made such representations to induce plaintiffs to enter into the contract at an inflated purchase price.

48. Plaintiffs relied upon those representations in agreeing to execute the Contract of Sale and Occupancy Agreement.

49. Despite defendant's numerous representations that the acreage of the property was 77, a new survey procured by Plaintiff revealed that the property only had 60 acres of land.

50. Prior to the procurement of the new survey, Plaintiff expended considerable amounts of monies for improvements of the property.

51. Plaintiffs relied upon defendant's representations to its detriment.

52. Plaintiff has been damaged by the fact that they have spent over Two Million Dollars in improvements to the property, a property they believed in good faith, was comprised of 77 acres of land.

53. Accordingly, the Contract should be reformed to reflect the fact that there are 60 acres of land, not 77 acres of land, and there should be a corresponding reduction in the purchase price to $1,090,909.10 to reflect the reduction of acreage.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR UNJUST ENRICHMENT

54. Plaintiffs repeat and reallege as set forth herein each and every allegation contained in paragraphs "1" through "53" of the complaint.

55. The Plaintiff, Mateh Ephraim, LLC in reliance of the Contract of Sale and Occupancy Agreement, has expended considerable sums of monies into the improvement of the property, approximately Two Million Dollars, in addition to the deposit of $140,000.00 and other significant sums for the use and occupancy which the plaintiff Mateh Ephraim, LLC has been and continues to be vendee in possession of the premises.

56. Defendants, Helen-May Holdings, LLC and Irene Griffin have received a substantial financial benefit under this contract. In addition to the improvements upon the property, defendants received monthly payments pursuant to the Occupancy Agreement, and additional monies pursuant to the Order by the Bankruptcy Court of the Southern District of New York.

57. To not proceed with the Closing of the aforementioned property, defendants would be unjustly enriched by the monies expended by plaintiffs in the improvement of the property and the Plaintiffs would be duly damaged thereby.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS IMPOSING A CONSTRUCTIVE TRUST ON BEHALF OF PLAINTIFF MATEH EPHRAIM, LLC a/k/a KOLEL MATEH EFRAIM, LLC

58. Plaintiffs repeat and reallege as set forth herein each and every allegation contained in paragraphs "1" through "57" of the Complaint.

59. On or about April 29, 2004, plaintiff Aron Fixler and defendants entered into a Contract of Sale for the property located at 1141 County Road #114, Town of Cochecton, County of Sullivan, State of New York.

60. By virtue of the foregoing, plaintiff Mateh is a vendee in possession and acquired equitable title to the aforementioned property.

61. Defendant, as vendor, holds legal title in trust for plaintiff vendee.

62. Accordingly, plaintiff Mateh is entitled to judgment against Plaintiff, declaring Plaintiff as the equitable owner of the property and creating a constructive trust upon the premises, compelling the transfer of the premises to Plaintiff Mateh Ephraim, LLC.

WHEREFORE, Plaintiffs demand judgment:

a.) On the First Cause of Action for Specific Performance of the Contract as dated April 29, 2007 together with an offsetting adjustment on the purchase price for the shortfall in acreage;

b.) On the Second Cause of Action for reformation of the contract on the basis of mutual mistake, and reduction of the purchase price to $1,090,909.10 to reflect the property's correct quantity of acreage as 60 and not 77;

c.) On the Third Cause of Action for reformation of the contract on the basis of fraud, and the reduction of the purchase price to $1,090,909.10 to reflect the property's correct quantity of acreage as 60 and not 77;

d.) On the Fourth Cause of Action against defendants for unjust enrichment, awarding plaintiffs the amount of $2,140,000, representing the deposit and monies expended for the improvement and enhancement of the property;

e.)   On the Fifth Cause of Action, declaring Plaintiff as the equitable owner of the property and impressing a constructive trust upon the premises and compelling the transfer of the premises to the Plaintiff;

f.)   And for such other and further relief that is just and proper.

Dated: June 25, 2007
       Middletown, New York

BLUSTEIN, SHAPIRO & RICH, LLP

_____
By Carol C. Pierce
*Attorneys for Plaintiff*
90 Crystal Run Road, Suite 409
Middletown, New York  10941
(845) 692-0011

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                      )SS.
COUNTY OF ORANGE       )

    I, the undersigned, am an attorney admitted to practice in the courts of the State of New York, and say that: I am the attorney of record for the plaintiffs, ARON FIXLER and MATEH EPHRAIM, LLC. I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon information contained in my file, telephone conversations with the plaintiff, and records of the plaintiff.

    The reason I make this affirmation instead of the plaintiffs is because plaintiffs do not maintain an office or a place of residence within the County of Orange.

    I affirm that the foregoing statements are true under penalties of perjury.

_____
Carol C. Pierce

Sworn on to before me this 25th
Day of June, 2007.

_____
Notary Public

CELESTE DASILVA
Notary Public, State of New York
No. 01DA6138519
Qualified in ORANGE County
Commission Expires DECEMBER 19, 2009

F:data/2007/07-0692/pld/verified complaint