## PURCHASE PRICE

The Purchase Price shall be paid as follows:

(a) By check subject to collection, the receipt of which is hereby acknowledged by Seller: $~~50,000.00~~ 45,100.00

(b) By check or checks delivered to Seller at the Closing in accordance with the provisions of §2.02: $1,300,000.00

(c) By acceptance of title subject to the following Existing Mortgage(s):

(d) additonal down-payment on or before May 22, 2004: $50,000.00

(d) By execution and delivery to Seller by Purchaser or its assignee of a note secured by a Purchase Money Mortgage on the Premises, payable as follows:

Purchase Price  $1,400,000.00

## Schedule D

## MISCELLANEOUS

1. Title insurer designated by the parties (§1.02):
   Tremper-Hiatt Abstract Corp.
   43 St. John St., P.O. Box 784
   Monticello, NY 12701 (845) 791-7777

2. Last date for consent by Existing Mortgagee(s) (§2.03(b)):
   N/A

3. Maximum Interest Rate of any Refinanced Mortgage (§2.04(b)): N/A

4. Prepayment Date on or after which Purchase Money Mortgage may be prepaid (§2.04(c)):
   N/A

5. Seller's tax identification number (§2.05):

6. Purchaser's tax identification number (§2.05):

7. Scheduled time and date of Closing (§3.01):
   June 1, 2004 at 11:00 am

8. Place of Closing (§3.01):
   Seller's Attorney's office..

9. Assessed valuation of Premises (§4.10):
   Actual Assessment:
   Transition Assessment:

10. Fiscal year and annual real estate taxes on Premises (§4.10):

11. Tax abatements or exemptions affecting Premises (§4.10):
    Agricultural use exemption on portion.

12. Assessments on Premises (§4.13):

13. Maximum Amount which Seller must spend to cure violations, etc. (§7.02): $1,000.00

14. Maximum Expense of Seller to cure title defects, etc. (§13.02): $1,000.00

15. Broker, if any (§14.01):
    Century 21 Rae's Realty, Inc.
    and ~~Chaim Lefkowitz~~
    DAVID WAYNE REALTY, INC.

16. Party to pay broker's commission (§14.01): Seller

17. Address for notices (§15.01):
    If to Seller: HELEN-MAY HOLDINGS, LLC
    27 Maple Avenue
    Jeffersonville, NY 12748

    with a copy to Seller's attorney:
    Scher & Scher, P.C.
    111 Great Neck Road, Suite 206
    Great Neck, NY 11021 Att: Daniel J. Sche

    If to Purchaser:
    AROM FIXLER
    668 Bedford Avenue
    Brooklyn, NY 11211

    with a copy to Purchaser's attorney:
    Laufer & Halberstam, LLP Att:
    39 Broadway, Suite 1940 Michael
    New York, NY 10006   Halberst

18. Limitation Date for actions based on Seller's surviving representations and other obligations (§16.01):
    Closing of Title

19. Additional Schedules or Riders (§17.08):
    "P" - Easement & Rights of Utility Compani.
    No representation as to all that may exist

Schedule E

RENT SCHEDULE

(to be attached separately)

## RIDER TO CONTRACT OF SALE

Seller:     HELEN-MAY HOLDINGS, LLC

Purchaser:  ARON FIXLER

Premises:   1141 County Road 114, Fosterdale, NY 12726

Date:       April 29, 2004

---

The following clauses shall supersede any inconsistent provisions contained elsewhere in this agreement.

§18. All checks payable by Purchaser to Seller, whether certified, personal or bank /checks, shall be made payable directly to Seller, Seller's attorney or other payee designated by Seller, and shall not require an endorsement by Purchaser or other third party, and shall be drawn on a New York State bank.

Uncertified funds not to exceed $1,000.00.

§19. In addition to the matters set forth in Schedule B. of the printed form or Contract and Schedule "F" annexed hereto, the said premises are also sold subject to:

a) Possible designation of the subject premises as an historical landmark;

b) Purposely Omitted

c) Party wall agreements, easements, beam rights, reservations, declarations and terms, covenants, provisions and restrictions contained in agreements of record, if any, so far as the same may be of present force or effect, provided that the same do not bar present uses of said premises and do not prohibit the maintenance and operation of the present structure thereon;

d) Rights contained in instruments of record, if any, so far as the same may be of present force or effect, in favor of any public or quasi-public utility, provided the same are alike, similar or common to rights affecting other property in the vicinity of said premises;

e) Purposely Omitted

f) Encroachment, it any, upon, and affixations, if any, to these premises and/or buildings thereon, of walls, foundations or appurtenances of buildings located on adjoining premises, as

Rider to Contract: HELEN-MAY to FIXLER          Page 2 of 9

well as encroachments, if any, of building walls, foundations or appurtenances, belonging to these premises upon adjoining premises;

g) Any requirement to obtain an operating certificate from the Department of Environmental Protection and/or Department of Buildings pursuant to the Administrative Code, it being specifically understood that the absence thereof and any violation which might be issued as a result of such absence or Seller's failure to have upgraded the oil tanks(s), oil burner(s) and/or refuse burning equipment pursuant to such statute, or any replacement or amended statute, shall not constitute a violation or objection with which Seller is required to comply hereunder.

h) Any other matter subject to which Purchaser agrees to accept title under any other provision of this contract.

§20. Any and all of the subject provisions contained in this Contract may be omitted by Seller in the deed to be delivered hereunder, but all such provisions so omitted shall survive delivery of said deed.

§21. The Purchaser agrees that not later than five (5) days after the date hereof a request for a title search will be placed for the premises, together with such violation searches as Purchaser may desire from TREMPER-HIATT ABSTRACT CORP., 43 John Street, P.O. Box 784, Monticello, NY 12701 (tel. 845-791-7777). Such request for a search and Title insurance shall be placed with written instructions that Seller's counsel shall be given copies of all searches, amendments thereto, surveys, survey readings and violations. The Purchaser agrees that no later than twenty (20) days prior to the date herein set for closing of title or any adjourned date, it will notify the attorney for the Seller in writing in what respects, if any, Purchaser deems the Seller's title not to be that required by this contract. The Seller shall have the right to attempt to remedy any claimed defects in title, and for such purpose, anything herein to the contrary notwithstanding, shall be entitled to one or more adjournments of closing for purposes of curing such claimed defects. Any attempt by the Seller to cure an objection shall not be construed as an admission by the Seller that such objection is one which would give the Purchaser the right to cancel this contract.

§22. Any unpaid franchise tax or New York Limited Liability Company or Corporation tax of any legal entity in the chain of title, or any other lien or exception to title, shall be no objection to title provided any title company licensed to do business in the state of New York insures against collection out

Rider to Contract: HELEN-MAY to FIXLER           Page 3 of 9

of the subject premises. The existence of a U.C.C. financing statement or security interest in some or all of the personalty to be convoyed hereunder in favor of any mortgagee by any assignment or leases or rents to said mortgages shall not be an objection to title, provided such security interest does not secure a debt other than the obligation reflected by the realty mortgage and mortgage note.

§23. Any notice or demand pursuant to the provisions of this contract shall be in writing, and shall be given or made by mailing the same by certified mail, return receipt requested, addressed to the Seller at the address set forth below and to the Purchaser at the address set forth below. Either party may designate by notice in writing, a new or other address to which such notice or demand shall thereafter be so given, made or mailed. Any notice given hereunder by mail shall be deemed delivered when deposited in the Unites States general or branch post office, enclosed in a certified, prepaid wrapper, return receipt requested, are as follows:

To Seller:      HELEN-MAY HOLDINGS, LLC
                27 Maple Avenue
                Jeffersonville, NY 12748

                Attn: Irene Griffin

With a copy by ordinary mail and FAX to:

                SCHER & SCHER, P.C.
                111 Great Neck Road
                P.O. Box 376
                Great Neck, NY 11021

                Attn: Daniel J. Scher

FAX: (516) 829-3198

To Purchaser:   ARON FIXLER
                668 Bedford Avenue
                Brooklyn, NY 11211