Rider to Contract: HELEN-MAY to FIXLER                Page 4 of 9

With a copy by ordinary mail and FAX to:

       Laufer & Halberstam, LLP
       39 Broadway, Suite 1440
       New York, NY 10006

          Attn: Michael J. Halberstam, Esq.

FAX: (212) 422-9038

§24. If the payment made on account of the purchase price at the time of the execution of this contract is by check, and if said check fails due collection, the Seller, at its option may declare this contract null, void and of no force and effect, and may pursue his remedies against the Purchaser upon said check or in any other manner permitted by law, such remedies being cumulative.

§25. The Purchaser represents that the Purchaser has inspected the premises and is purchasing said premises "as is", as of the date hereof, reasonable wear and tear excepted. This contract, as written, contains all the terms of the contract entered into between the parties, and the Purchaser acknowledges that the Seller has made no representations, is unwilling to make any representations, and held out no inducements to the Purchaser, other than those herein expressed, and the Seller is not liable or bound in any manner by expressed or implied warranties, guarantees, promises, statements, representations or information pertaining to the said premises as to the physical condition, income, expense, operation, or to what use the premises can be applied, including but not limited to any matter or thing affecting or relating to the said premises, except as herein specifically set forth. Without limitations as to the extend of any defects in the condition of the premises, Purchaser acknowledges that Purchaser is aware of certain leaking conditions in the roof(s) of certain of the structures, conditions disclosed in the Phase I report of Middleton Environmental, Inc. dated February 27, 2004 as well as other disclosed, observed, undisclosed or unobserved conditions of and at the premises.

§26. The Purchaser represents that the Purchaser has inspected the personal property included in this sale as more specifically enumerated in the schedule of "Included Personal Property" annexed hereto and is purchasing such personal property aid "as is", as of the date hereof, reasonable wear and tear excepted. Seller makes no representations and is unwilling to make any representations as to the condition and fitness for use of such personal property included in this sale and such title as Seller has shall pass to the purchaser upon delivery of the deed.

Rider to Contract: HELEN-MAY to FIXLER        Page 5 of 9

No part of the purchase price shall be deemed to have been paid for the said personal property. Any additional personal property not scheduled to be included or excluded with the sale which shall remain on the premises after the closing shall be deemed abandoned and shall become the property of the Purchaser.

§27. It is expressly agreed that the seller has made no representations either expressed or implied, as to the status of the premises with respect to violations issued by any government agency having jurisdiction over the premises or other violations, if any, and the purchaser hereby expressly acknowledges that has had an adequate opportunity to investigate the status of the premises and that no such representations had been made, and that in the event that any were made, they are merged in this agreement and the purchaser agrees to take the premises "as is".

§28. The respective attorneys for the parties are hereby authorized to give any notice which the party is required to give and may give under this contract and may agree to adjournments of closing.

§29. Except as specifically agreed otherwise with respect to the occupancy of the current caretakers of the premises, Seller shall deliver vacant possession of all structures on the premises. The delivery of vacant possession shall not be in "Broom Clean" condition, however, Seller shall take all reasonable precautions and care to maintain and deliver the premises in its present condition, reasonable wear and tear excepted.

§30. In addition to any other items set forth herein for adjustment between the parties, the following, if any, shall be adjusted at closing where applicable:

    a) Purposely Omitted

    b) Transferable licenses and permits

    c) Purposely Omitted

    d) Service Contracts.

    f) Purposely Omitted

§31. Service contracts, if any, shall be deemed assumed by the Purchaser or its permitted assigns, effective as of the date of the closing and this provision shall survive the delivery of the deed. In addition, Purchaser agrees to execute any document which may be required by the other parties to such service contracts, assuming same.

Rider to Contract: HELEN-MAY to FIXLER          Page 6 of 9

§32. It is agreed that Seller will be credited in the adjustments with the cost of the fuel plus New York State and Sullivan County Sales Tax not delivered prices thereof in the premises, on the agreed date of adjustments. It is also agreed that the statement of any representative of the fuel company from whom the seller has purchased its fuel will be conclusive as to the amount of this fuel.

§33. If there is any retainer outstanding for services rendered or to be rendered for the procurement of a reduction of the assessed valuation of the premises for tax purposes for the current tax year in which closing takes place, the Purchaser shall assume such retainer and any benefits derived therefrom, whether by way of protest, settlement or legal proceedings, shall be ratably apportioned between Purchaser and Seller and the costs and expenses thereof in like manner upon presentation of attorney's bills for same, The provisions of this paragraph shall survive delivery of the deed.

§34. Purchaser shall be permitted access to the premises at reasonable times and on reasonable notice prior to closing for purposes of inspections. Purchaser shall also be permitted access to the premises at any reasonable time within 48 hours prior to closing. Purchaser shall indemnify and hold Seller harmless from any liability arising from injury or damage suffered by Purchaser or any of Purchaser's invitees or by any other party as a result of the acts of Purchaser or any of Purchaser's invitees. In addition, Purchaser shall be responsible for any costs incurred by Seller arising from injury or damage by Purchaser or Purchaser's invitees, including but not limited to, attorney's fees for the defense of any action based upon such injury or damage. Any inspection contemplated pursuant to this paragraph is conditioned upon such indemnification.

§35. If the Seller shall be unable to or fail to convey title subject to and in accordance with the terms of this contract or shall be unable or fail to comply with the obligations, representations or conditions on the part of the Seller to be performed as set forth herein, the sole obligation of the Seller shall be to refund Purchaser's down payment made hereunder, and to reimburse the Purchaser for the cost of title examination, and upon making such refund and reimbursement, this contract shall wholly cease and terminate and neither party shall have any further claims against the other by reason of this contract, and the lien, if any, of the Purchaser against the premises, shall wholly cease. Seller shall not be required to bring any action or proceeding or otherwise incur any expense to render title to the premises marketable. Purchaser may nevertheless accept such title as the Seller may be able to convey, without reduction of the purchase price, and without any credit or allowance against the same, and without any liability an the part of the Seller. he acceptance of a deed by Purchaser shall be deemed to be a full