Rider to Contract: HELEN-MAY to FIXLER.            Page 7 of 9

performance of and discharge of any and all agreements and obligations on the part of Seller to be performed pursuant to the provisions of this contract, except those, if any, which are herein specifically stated to survive delivery of the deed. The term "cost" of title examination is defined for the purpose of this contract, as the expense actually incurred by the Purchaser for title examination, in no event, however, to exceed the net amount which would be charged by a title company in the City of New York, for title examination of the above premises, without issuance of policy, plus the cost to the Purchaser of any survey actually obtained, such cost not to exceed, however, that amount which would be charged by such title company for a similar survey.

§36. Except that Purchaser may assign all of its rights under this contract to a Corporation, Limited Liability Company or other legal entity to be formed with Purchaser as it's sole member, Purchaser may not (I) assign all or any portion of its rights under this Contract to any person or entity, and/or (ii) or any person or entity as the transferee under the deed and any other conveyancing documents to be delivered pursuant to this Contract without Seller's prior written consent, which consent may be granted or withheld in Seller's sole and absolute discretion.

§37. If Purchaser shall fail or refuse to close title as required by the terms of this Contract or otherwise default in its obligations under this Contract, then Sellers sole remedy hereunder shall be to retain the Deposit together with interest earned thereon, as liquidated damages for all loss, damage and expense suffered by Seller, it being agreed that Seller's damages are difficult if not impossible to ascertain, and thereupon neither party to this contract shall have any further rights or obligations hereunder.

§38. Neither a memorandum of this Contract nor any other document evidencing this Contract, nor this Contract, shall be recorded or filed by Purchaser without Seller's prior written consent, which may be granted or withheld any Seller's sole and absolute discretion. Any such recordation or attempted recordation shall be null and void and shall constitute a material default by Purchaser under this Contract.

§39. Purposely Omitted.

§40. Each party shall execute, acknowledge and deliver to the other party such instrument, and take such other actions, as such other party may reasonably request in order to comply with IRC B6045(e), as amended, or any successor provisions or any regulations promulgated pursuant thereto. The parties designate the Purchaser's attorney the attorney responsible for reporting this information as required by law.

Rider to Contract: HELEN-MAY to FIXLER.          Page 8 of 9

§41. a) Purchaser acknowledges that pursuant to regulations promulgated by the U.S. Department of Housing and Urban Development (24 CFR Part 35) and the Environmental Protection Agency (46 CFR Part 74), pursuant to Section 1018 of the Residential Lead Paint Hazard Reduction Act of 1992, Purchaser has the right to make Purchaser's obligations under this contract contingent on a ten-day period to perform a risk assessment or inspection on the property for lead-based paint and/or lead-based paint hazards.

b) Purchaser hereby represents that it has either (I) performed such risk assessment or inspection prior to the execution of this Contract or (I) waives its right to do so and any attendant rights of Purchaser to cancel this Contract for reasons related to the presence, if any, of lead-based paint and/or lead-based paint hazards.

c) Purchaser acknowledges receipt of the pamphlet "Protect Your Family from Lead in Your Home."

d) Attached hereto as Exhibit "G" is an executed Disclosure Form with respect to lead-based paint and/or lead-based paint hazards.

§42. Purchaser represents that Purchaser has sufficient funds available to him to complete this transaction and acknowledges that the Seller is relying on such representation.

§43. In the event of any conflict between the provisions of this Rider and the printed portion of this contract, the provisions of the Rider shall be paramount and shall supersede the printed portion.

§44. This agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

§45. The acceptance of a deed by the Purchaser shall be deemed full compliance by the Seller with all of the provisions of this agreement on the part of the Seller to be performed, and none of the provisions hereof shall survive delivery of said deed unless such survival is specifically set forth herein.

Rider to Contract: HELEN-MAY to FIXLER    Page 9 of 9

§46. Seller makes no representation as the actual land area or acreage of the premise conveyed and which is more particularly described in Schedule "A".

Seller:    HELEN-MAY HOLDINGS, LLC
By:

_____
IRENE GRIFFIN, Managing Mbr.

Purchaser:

_____
ARON FIXLER

Rider to Contract: HELEN-MAY to FIXLER          Page 9 of 9

§46.  Seller makes no representation as the actual land area or acreage of the premise conveyed and which is more particularly described in Schedule "A".

Seller:     HELEN-MAY HOLDINGS, LLC
            By:

            _____
            IRENE GRIFFIN, Managing Mbr.

Purchaser:

            _____
            ARON FIXLER