Exhibit E

**SCHER & SCHER, P.C.** *Attorneys at Law*
111 GREAT NECK ROAD • P.O. BOX 876 • GREAT NECK, N.Y. 11021 • (516) 482-1777 • (718) 631-2000

ROBERT A. SCHER
DANIEL J. SCHER

ADMITTED N.Y. AND N.J. BAR

TELECOPIER
(516) 823-3195

September 22, 2004        Via FAX

Michael J. Halberstam, Esq.
Laufer & Halberstam, LLP
39 Broadway, Suite 1440
New York, NY 10006

Re: Sale of The Meadows Resort
    1141 County Road 114, Fosterdale, NY

Dear Michael:

In furtherance of our many discussions in connection with the above matter, our client has agreed to modify the Letter Agreement dated June 3, 2004 as follows:

The date for the closing is now November 29, 2004, and remains time is of the essence as to the Purchaser only.

The payment to Irene Griffin of the consulting fee of $1,000.00 per week, or any portion thereof, is eliminated. All such sums paid to date are deemed undisputedly earned. The payment which is due and unpaid to date is $4,000.00 for Irene Griffin's services for the weeks of August 30, September 6, 13, and 20, 2004 will be made by or before November 27, 2004.

The payment to Seller of the amount of $3,500.00 per month characterized as "Interest on our client's credit card debt" is eliminated.

By or before September 27, 2004, the Purchaser shall cause the Seller to be named as an additional insured on a liability policy of the Occupant stating the premises as an insured location with liability limits of not less than $500,000 per individual and $1,000,000 per incident.

The Purchaser will pay the additional sum of $20,250.00 upon return of this letter and $20,250.00 on or before October 27, time being of the essence. In the event that the closing of title takes place prior to October 27, 2004, that second payment of $25,000.00 will not be payable.

## SCHER & SCHER, P.C.

Michael J. Halberstam, Esq.
Laufer & Halberstam, LLP
Sept. 22, 2004
Page 2

The Purchaser waives any and all claims for refund of any payments made to date under the Letter Agreement except for such accountings and mathematical adjustments as may be made at or before the closing with respect to adjustments and expenses. Our client does not want issues of money that could have been raised and discussed now to surface at the closing.

All other provisions of that letter agreement shall remain in full force and effect except as modified above.

Further, this letter and agreement shall be without prejudice to any and all rights of our client with respect to the Purchaser's failure to comply with and terms of the Letter Agreement dated June 3, 2004 and shall not be construed as a waiver of any sort. Nor shall this letter serve as any evidence of cure or compliance with such conditions highlighted on any previous correspondence.

Sincerely,

SCHER & SCHER, P.C.
By: _____
DANIEL J. SCHER
DJS:me

Approved and agreed:

HELEN-MAY HOLDINGS, LLC
By: _____
IRENE GRIFFIN, Mng. Member
Seller

Terms agreed and acknowledged:
Laufer & Halberstam, LLP
By: _____
Michael J. Halberstam, Esq.

KOLEL MATEK EFRAIM
By: _____
JACOB LEFKOWITZ, President
Assignee of Purchaser